UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

Funds From Fifth Third Bank Account
#0065006695 In The Amount Of Fifty Nine
Thousand Six Hundred Seventy Five Dollars
And Three Cents ($59,675.03), *et al.*,

    Defendants in Rem.
_____/

Case No. 13-11728

Sean F. Cox
United States District Court Judge

## **OPINION & ORDER**

This Court previously ordered the Government to return the seized funds to the Claimant in this civil forfeiture action. The matter is now before the Court on the Claimant's motion seeking an award of attorney fees and costs. The motion has been briefed and the Court heard oral argument on February 27, 2014. As explained below, the Court shall grant the motion and award the Claimant $58,266.65 in attorney fees and costs.

## BACKGROUND

This Government filed this civil forfeiture action on April 17, 2013. The Government seized the funds at issue from Claimants' bank accounts, which total $135,595.66, on November 19, 2012. Thereafter, Mr. and Mrs. Cheung, who own Claimant China Lite Restaurant – Gas Lite Lounge, Inc. ("China Lite"), hired Stephen Dunn ("Dunn") as their counsel.

The matter later came before the Court on two motions: 1) a Motion to Dismiss the Complaint for Forfeiture, filed by Claimant China Lite, which this Court converted into a Motion

1

for Summary Judgment; and 2) a Motion to Dismiss Claimant's Amended Counterclaim, filed by the Government.

After full briefing by the parties and oral argument, this Court issued an Opinion & Order on November 4, 2013 (Docket Entry No. 42) wherein this Court granted China Lite's Motion for Summary Judgment, dismissed the Forfeiture Complaint with Prejudice, and ordered the prompt return of the seized funds to China Lite. This Court did so because it concluded that the Government failed to comply with the 90-day requirement for filing its Forfeiture Complaint and the Court denied its request for an extension of time.

The Court also granted China Lite's request that it be permitted to file a motion seeking attorney fees and costs. The briefing on that motion has since concluded and the Court held a hearing on February 27, 2014.

In addition, the Court granted the Government's Motion to Dismiss Claimant's Amended Counterclaim and dismissed China Lite's Counterclaims without prejudice. In its Motion to Dismiss, the Government sought to dismiss China Lite's purported counterclaims on several grounds, including that a claimant may not file counterclaims in a civil forfeiture case. This Court found that first argument to have merit and dismissed China Lite's Counterclaims without prejudice, explaining:

> [A] number of district courts, including two district courts within the Sixth Circuit, have ruled that a claimant cannot file a "counterclaim" in a civil forfeiture action. *See e.g., United States v. Assorted Computer Equipment, supra*; *United States v. $22,832.00 in U.S. Currency*, 2013 WL 4012712 (N.D. Ohio 2013); *United States v. $43,725.00 in U.S. Currency*, 2009 WL 347475 (D.S.C. 2009); *United States v. 1866.75 Board Feet*, 2008 WL 839792 (E.D. Va. 2008).
> As explained in the above cases, this is because a forfeiture proceeding is *in rem*, not *in personam*. The property at issue, the two funds here, are the defendants, not a claimant. By definition, a counterclaim is pleading which sets forth a claim that the pleader has against an opposing party arising out of an

opposing party's claim against the pleader. *Id.*; *see also* Fed. R. Civ. P. 13. This action was not brought against China Lite and the Government has not asserted any claims against China Lite. Rather, China Lite chose to intervene as a claimant to the *in rem* defendant funds. As such, it is not entitled to file counterclaims in the instant action. Any claims it has against the Government, if permissible, must be filed as a separate action.

(11/4/13 Opinion & Order at 21).

## ANALYSIS

28 U.S.C. §2465 governs "Return of property to claimant; liability for wrongful seizure; attorney fees, costs, and interest" and provides, in pertinent part:

(b)(1) Except as provided in paragraph (2), in any civil proceeding to forfeit property under any provision of Federal law in which the **claimant substantially prevails,** the United States shall be liable for –

    (A)    **reasonable attorney fees and other litigation costs reasonably incurred by the claimant**;

    (B)    post-judgment interest, as set forth in section 1961 of this title; and

    (C)    in cases involving currency, other negotiable instruments, or the proceeds of an interlocutory sale –

        (i) interest actually paid to the United States from the date of seizure or arrest of the property that resulted from the investment of the property in an interest-bearing account or instrument; and

        (ii) an imputed amount of interest that such currency, instruments, or proceeds would have earned at the rate applicable to the 30-day Treasury Bill, for any period during which no interest was paid (not including any period when the property reasonably was in use as evidence in an official proceeding or in conducting scientific tests for the purpose collecting evidence), commencing 15 days after the property was seized by a Federal law enforcement agency by a State or local law enforcement agency.

3

28 U.S.C. §2465(b)(1) (emphasis added).[1]

In its Motion for Attorney's Fees and Costs, China Lite moves to recover its attorney fees and costs incurred in this matter and seeks a total of $58,266.65 in attorney fees and litigation costs incurred in this matter. China Lite asserts that the fees awarded should be awarded to it, not its attorney, because China Lite has been paying the attorney fees and should be reimbursed. (China Lite's Motion at 11).

The Government does not dispute that, as a prevailing party in this forfeiture action, China Lite is entitled to an award of its reasonable attorney's fees incurred in this action. But the Government contends that the fee award requested is too high and that it should be reduced for several reasons. It contends that the Court should: 1) reduce the hourly rate paid to Dunn from $325.00 to $250.00; 2) reduce the rate for his legal assistant from $90.00 per hour to $25.00 per hour; 3) decline to award any fees for work performed relating to Claimant's Counterclaims that were dismissed without prejudice by the Court; 4) decline to award any fees for work performed on a motion for protective order that was filed by Claimant; and 5) reduce any award by 10% for block-billing and vague entries. With its requested adjustments, the Government contends that an award of no more than $17,669.48 is appropriate in this case.

This Court issued an order requiring China Lite's owner and Dunn to submit affidavits and documents showing the actual attorney fees that China Lite has paid. Sioe Cheung and Dunn both filed Affidavits stating that China Lite has actually paid Dunn a total of $58,284.24

---

[1] China Lite's Motion did not seek an award of interest under § 2465(b)(1)(B) or (D). At the February 27, 2014 hearing, Dunn advised the Court that the Government has returned the seized funds, with interest, to China Lite.

for work on this case. Those fees were paid by an initial $10,000.00 retainer in the form of a Cashier's check, followed by four personal checks totaling $10,809.65, and then the remaining amount paid via seven credit card charges.

This Court has broad discretion in determining the appropriate award to China Lite. The statute itself "does not specify precisely how fee awards should be calculated," and simply states that the Government is liable for "reasonable attorney fees and other litigation costs reasonably incurred by the claimant." 28 U.S.C. § 2465(b)(1)(A). The Ninth Circuit has concluded that the lodestar method is appropriate to determine the amount to be awarded under the statute. *United States v. $186,416.00 in U.S. Currency*, 642 F.3d 753, 755 (9th Cir. 2011).

When making a determination of a reasonable attorney fee, a district court begins by determining 'the fee applicant's lodestar, which is the proven number of hours reasonably expended on the case any an attorney, multiplied by his court-ascertained reasonable hourly rate.'" *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821 (6th Cir. 2013).

1. **Reasonable Hourly Rates**

A district court has broad discretion in determining what constitutes a reasonable hourly rate for an attorney. *Waldo v. Consumers Energy Co.*, 726 F.3d at 822. The Sixth Circuit has explained that a district court "should initially assess the 'prevailing market in the relevant community'" *Id*. at 821. "The prevailing market rate is 'that rate which lawyers of comparable skill and experience can reasonably be expected to command within the venue of the court of record.'" *Id*. "A district court is permitted to 'rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests.'" *Id*. (citing *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F.

App'x. 496, 499 (6th Cir. 2011)).

Here, China Lite' opening brief asserts that a rate of $325.00 per hour for Mr. Dunn is warranted, stating:

> The rate charged by Claimant's counsel, $325 per hour, is reasonable. Claimant's counsel has handled several civil asset forfeiture cases; he does not know of any other attorneys in metro Detroit handling such cases. He does know of attorneys in large, local law firms typically charging $400-$500 per hour.
> Claimant's counsel is especially well suited to this case. He has practiced tax and financial litigation throughout his 28-year legal career. Before law school he was a senior auditor with Ernst & Young, earning the Michigan Certified Public Accountant designation. He blogs for Forbes on his practice areas, and is working on a treatise for West publishing.
> The hourly rate of Claimant's counsel is especially reasonable given that it includes LEXIS legal research and routine postage. Building LEXIS charges into the rate is significant, as claimant's counsel performs substantial legal research.
> Claimant's counsel used a legal assistant, at a much lower rate of $90 per hours, whenever possible on this case.

(Pl.'s Br. at 10-11).

The Government contends that $250.00 is a more appropriate hourly rate for work performed by Dunn. (*See* Govt.'s Br. at 6). The Government cites several cases wherein district courts have reduced a requested hourly rate.

Having considered the arguments made by both sides, the Court concludes that an hourly rate of $325.00, particularly given that it includes all fees and costs for computerized legal research, is reasonable for the attorney who handled this particular case. This case presented a medley of legal issues, many of which have not been addressed in the Sixth Circuit. Indeed, this Court spent a considerable amount of time researching the issues in this case. The Court also concludes that the rate charged is reasonable given Dunn's experience and professional background.

Claimant's Counsel also states that a legal assistant was used, where possible, at an

hourly rate of $90.00. The Government's Response Brief challenges the reasonableness of the rate being sought for Dunn's legal assistant. It contends that a more appropriate rate would be $25.00 per hour. This Court concludes that, even in the current economic climate, one would be hard-pressed to find a competent paralegal in the Metropolitan Detroit area for $22.00 an hour. The Court finds that the requested hourly rate of $90.00 per hour is reasonable for this case. (*See* Claimant's Reply Br., Ex. 3).

**2.     Work Performed On Counterclaims**

The Government contends that the fee award should not include any attorney fees for work performed relating to China Lite's counterclaims in this action, that were dismissed by the Court without prejudice. It asserts that a total of $9,032.50 should be deducted for work performed relating to the counterclaims.

In response, Dunn claims that the counterclaims were necessary and appropriate, especially given the lack of Sixth Circuit authority as to whether such counterclaims can or should be brought under circumstances such as those in this case.

The Court agrees with Claimant. Although this Court ultimately dismissed the counterclaims without prejudice, it was not unreasonable for Claimant to assert those claims in order protect its rights given the lack of Sixth Circuit authority on the issue.

**3.     Fees Relating To Protective Order**

The Government also contends that no attorney fees should be awarded for work by Dunn in filing a motion for protective order in this case. That motion was referred to Magistrate Judge Majzoub on August 14, 2013, but she had not ruled on it before this Court ruled on the pending dispositive motion filed by Claimant. After this Court issued its November 4, 2013

7

decision, that motion was denied as moot. Again, this Court concludes it was not unreasonable for Claimant to have filed that motion to protect its rights. The Court shall award fees incurred relating to this motion.

**4.     Alleged Bock-Billing And Vague Entries**

Finally, the Government contends that there should be an across-the-board deduction of 10% of all fees requested for "block-billing and vague entries." (Govt.'s Br. at 11).

Again, the Court has wide discretion as whether such a deduction is appropriate here. Having carefully reviewed Dunn's billing statements, this Court concludes that the requested deduction is not warranted here.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Claimant China Lite's Motion for Attorney Fees and Costs (Docket Entry No. 43) is GRANTED and that the Court AWARDS Claimant China Lite costs and attorney fees in the amount of $58,266.65.

IT IS SO ORDERED.

                                                  S/Sean F. Cox
                                                  Sean F. Cox
                                                  United States District Judge

Dated: March 5, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 5, 2014, by electronic and/or ordinary mail.

                                                  S/Jennifer McCoy
                                                  Case Manager